UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          x
                                                                    :
MARIA CHIARAVALLOTI, individually and                               :
on behalf of all others similarly situated,                         :
                                                                    :     Case No. 26-cv-6902
                                                       Plaintiff,    :
                                                                    :
          v.                                                        :     **CLASS ACTION COMPLAINT**
                                                                    :
THE PROCTER & GAMBLE COMPANY,                                       :     **JURY TRIAL DEMANDED**
                                                                    :
                                                      Defendant.    :
                                                                    x

Plaintiff Maria Chiaravalloti ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against The Procter & Gamble Company ("Defendant"), seeking monetary damages and other remedies.

## NATURE OF ACTION

1.      This is a putative class action lawsuit on behalf of purchasers of Native Unscented = Deodorant (the "Product"):



1

2.      Defendant manufactures, markets, and sells the Product in thousands of stores throughout the United States, including the state of New York.

3.      Defendant prominently advertises, markets, and sells the Product as deodorant that is "unscented" (the "Unscented Representation"). The Unscented Representation promises that the Product does not contain fragrance ingredients.

4.      Defendant intentionally misleads consumers into believing that the Product does not contain fragrance ingredients. It does this because consumers desire products without fragrance ingredients, which can cause skin irritation and allergic reactions. As a result, consumers are seeking out products without fragrance ingredients.

5.      However, unbeknownst to consumers, the Product contains the fragrance ingredient *Zingiber officinale* (ginger) root extract and are therefore not "unscented."

6.      As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Product with the Unscented Representation. Every package of the Product misleads consumers into believing the Product does not contain fragrance ingredients.

7.      Plaintiff and Class members purchased the Product, which are designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Unscented Representation, when the Product contains the fragrance ingredient *Zingiber officinale* (ginger) root extract and therefore are not unscented. Plaintiff and Class members would not have purchased the Product – or would not have paid as much as they did to purchase them – had they known the Unscented Representation was false. Plaintiff and Class members thus suffered monetary damages as result of Defendant's deceptive and false representation.

8.      Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Product for violations of New York General Business Law §§ 349 and 350.

**PARTIES**

9.      Plaintiff Maria Chiaravalloti is a citizen and resident of Farmingdale, New York who has an intent to remain there, and is therefore a domiciliary of New York. In Spring of 2026, Plaintiff purchased Native Unscented Deodorant from a Target retail store in New York. Prior to her purchase of her product, Plaintiff reviewed the product's labeling and packaging and saw that her product was labeled and marketed as being "unscented." Based on the Unscented Representation, Plaintiff believed she was purchasing a product that did not contain fragrance ingredients. Plaintiff relied on Defendant's Unscented Representation in deciding to purchase her product. Accordingly, the Unscented Representation was part of the basis of the bargain, in that she would not have purchased her product on the same terms had she known the Unscented Representation was not true. Plaintiff paid more for the Unscented Deodorant, and would only have been willing to pay less, or unwilling to purchase it at all, absent the false and misleading labeling complained of herein.  In making her purchase, Plaintiff paid a price premium for a product that was unscented.

10.     Defendant Procter & Gamble Co. is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant formulates, manufactures, labels, markets, distributes, and sells the Product nationwide under its in-house brand, Native. Defendant has maintained substantial distribution and sales in this District.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendant.

12.     This Court has specific jurisdiction over Defendant because Defendant's contacts with the forum are continuous and substantial, and Defendant otherwise intentionally availed itself of the laws of this State through the marketing of the Product at issue in New York to consumers in New York and through sales of the Product in New York to consumers in New York, so as to render the exercise of jurisdiction by this Court consistent with traditional notions of fair play and substantial justice. A substantial portion of the events giving rise to the claims alleged here occurred in this State, including Plaintiff's purchase.

13.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and acts giving rise to the claims herein occurred in this District and because Defendant engages in continuous and systematic business activities within this District.

**FACTUAL ALLEGATIONS**

**I.      Unscented Products**

14.     Consumers are increasingly seeking out "unscented" formulations for personal care products because of increasing consumer awareness of skin and allergen sensitivities.

15.     Unscented products appeal to consumers for a variety of reasons, including because fragrance ingredients often irritate the skin resulting in redness, rashes, and itchiness. Even those without fragrance sensitivities sometimes wish to avoid fragrance due to the sensitivities of those around them, including workplace policies that prohibit the use of scented products. Further, consumers also desire fragrance-free products because they prefer products with minimal additives.

4

16. As a result, consumers are seeking out, and are willing to pay more for, unscented products because they believe they will be free of fragrance.

17. In response to consumer demand, personal care companies – including Defendant – are increasingly introducing unscented product lines.

## II. Defendant's "Unscented" Representation is False and Misleading

18. Defendant prominently and unambiguously represents the Product is "unscented":



19. Consumers reasonably believe that "unscented" products will be free from added fragrance ingredients.

20. However, the Product contain fragrance ingredients, and therefore the Product is not in fact "unscented."

21. Accordingly, because the Product contains fragrance ingredients in the form of

*Zingiber officinale* (ginger) root extract, the Unscented Representation is false and misleading.

22.    Defendant's conduct thus deceived and/or was likely to deceive the public.

23.    Plaintiff and Class members were deceived into believing the Product is "unscented," when in fact it contains the fragrance ingredient *Zingiber officinale* (ginger) root extract as shown below.



**Above: Native Unscented Deodorant**

24.    *Zingiber officinale* (ginger) root extract is an aromatic essential oil that endows products with a warm, spicy, and fresh scent. Problematically, *Zingiber officinale* (ginger) root extract contains gingerol and shogaol, aromatic compounds that can cause contact dermatitis and skin sensitivity.

25.    Plaintiff and Class members would not know the true nature of the Product by looking at the front labels of the Product. There is nothing on the front labels (like an asterisk) disclaiming

or modifying the Unscented Representation. The Unscented Representation is not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the Unscented Representation further before purchasing the Product.

26.    Moreover, the fine-print ingredients list does not preclude consumer deception. As the Second Circuit has noted, "[r]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (insertion in original).

27.    Further, average consumers may not know that *Zingiber officinale* extract imparts a scent, and so reading the ingredient list is insufficient to inform them the Product contains fragrance and is therefore not unscented.

28.    Plaintiff and Class members purchased the Product in reliance on the Unscented Representation, reasonably believing the Product was unscented and therefore did not contain fragrance ingredients.

29.    Plaintiff's and Class members' reasonable belief that the Product was unscented was a significant factor in their decisions to purchase the Product.

30.    Plaintiff and Class members did not know, and had no reason to know, that the Product contained fragrance ingredients because of how the Product is deceptively labeled and advertised to create the impression the Product is unscented. Nothing on the front packaging of the Product indicates that the Product contains fragrance ingredients.

31.    Defendant knew that Plaintiff and Class members would rely on the Unscented Representation and would therefore reasonably believe the Product did not contain fragrance ingredients.

32.     Because the Product contains fragrance ingredients contrary to the Unscented Representation, Defendant's uniform practice regarding the marketing and sale of the Product was and continues to be misleading and deceptive.

33.     Each Class member has been exposed to the same or substantially similar deceptive practices, as the Product is uniformly marketed as "unscented" when it contains a fragrance ingredient.

34.     Defendant charges more for the Product than it otherwise would (i.e., charges a price premium) as a result of the Unscented Representations on the Product. For example, Defendant charges more per ounce for the Product than a scented variant:

| Product | Size | Price | Price Per Ounce |
|---|---|---|---|
| Native Sea Salt & Cedar Deodorant | 3.1 oz | $13.47 | $4.35 |
| Native Unscented Deodorant | 2.65 oz | $13.99 | $5.28 |

35.     Consumers are willing to pay a price premium for unscented personal care products. They are also induced to make purchases that they otherwise would not have, but for the belief that the Product did not contain fragrance ingredients. Plaintiff and Class members would not have purchased the Product had they known the Product contained a fragrance ingredient. Further, Plaintiff and Class members paid a price premium for the Product because of the Unscented Representation. Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Unscented Representation.

## CLASS ALLEGATIONS

36.    ***Class Definition***: Plaintiff brings this action on behalf of a Class of all people in the state of New York who purchased the Product for personal or household use during the last four years ("Class members").

37.    Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification.

38.    Specifically excluded from the putative classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

39.    ***Numerosity***. Class members are so numerous that their individual joinder herein is impracticable. On information and belief, the Class includes hundreds of thousands of consumers. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, its agents, or other means.

40.    ***Commonality and Predominance***. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

    a.    Whether Defendant misrepresented the Product;

    b.    Whether the Unscented Representation is false, misleading, and/or deceptive;

    c.    Whether Defendant's conduct in advertising and selling the Product amounted to deceptive business practices;

    d.    Whether Plaintiff and the Class members have sustained damage as a result of Defendant's deceptive conduct;

    e.    The proper measure of damages sustained by Plaintiff and the Class members; and

    f.    Whether Defendant was unjustly enriched by its unlawful practices.

9

41.    *Typicality*. The claims of the Plaintiff are typical of the claims of the Class members in that Plaintiff and the Class members sustained damages as a result of Defendant's uniform wrongful conduct, as alleged above.

42.    *Adequacy*. Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Plaintiff has no interests that are antagonistic to those of the Class members. Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed Class members.

43.    *Superiority*. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for Class members; the Class members are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

44.    Defendant has acted or failed to act on grounds generally applicable to the Class members, thereby making appropriate final injunctive relief with respect to the Class members as a whole.

45.    Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiff and Class members and will likely retain the benefits of its wrongdoing.

## FIRST CAUSE OF ACTION
### Violation of New York General Business Law § 349

46.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

47.    Plaintiff brings this cause of action individually and on behalf of the Class members.

48.    New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

49.    In their sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

50.    Plaintiff and Class members are consumers who purchased the Product for their personal use.

51.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, as alleged above.

52.    The foregoing deceptive acts and practices were directed at consumers.

53.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Product to induce consumers to purchase the same.

54.    By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

55.    Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and Class members have sustained from having paid for and used the Product.

56.    As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Product on the same terms if they knew about Defendant's misrepresentation; (b) they paid a price premium for the Product due to the misrepresentation; and (c) the Product does not have the characteristics, uses, benefits, or qualities as promised.

57.    Plaintiff seeks all available relief under this cause of action.

## SECOND CAUSE OF ACTION
### Violation of New York General Business Law § 350

58.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

59.     Plaintiff brings this cause of action individually and on behalf of the Class members.

60.     New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service.

61.     Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

62.     Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

63.     Defendant's false, misleading, and deceptive statements and representations of fact were and are directed toward consumers.

64.     Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

65.     Defendant's false, misleading, and deceptive statements and representations of fact has resulted in consumer injury or harm to the public interest.

66.     As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff and class members have suffered and continue to suffer economic injury.

67.     As a result of Defendant's violations, Plaintiff and Class members have suffered damages because: (a) they would not have purchased the Product on the same terms if they knew about Defendant's misrepresentation; (b) they paid price premium for the Product due to the

12

misrepresentation; and (c) the Product does not have the characteristics, uses, benefits, or qualities as promised.

68.    Plaintiff seeks all available relief under this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(A)    For an order certifying the Class and naming Plaintiff as the representative of the Class;

(B)    For an order declaring Defendant's conduct violates the statutes referenced herein;

(C)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(D)    For actual, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

(E)    For prejudgment interest on all amounts awarded; and

(F)    For an order awarding Plaintiff and the Class their reasonable attorney fees, expenses, and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: August 12, 2026                    **FITZGERALD MONROE FLYNN PC**

By: */s/ Jack Fitzgerald*
        Jack Fitzgerald

Jack Fitzgerald
jfitzgerald@fmfpc.com
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Telephone: (619) 215-1741

Brittany S. Scott*
brittany@skclassactions.com
**SMITH KRIVOSHEY, PC**

13

28 Geary Str Ste. 650 No. 1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415


*Counsel for Plaintiff and the Class*

*\*Pro hac vice forthcoming*